# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SCOTT NIVER,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVELERS INDEMNITY COMPANY OF ILLINOIS,<br><br>    Defendant. | No. C 01-3064-MWB<br><br>**EXPEDITED ORDER CERTIFYING FEBRUARY 6, 2006, SUMMARY JUDGMENT RULING FOR INTERLOCUTORY APPEAL** |

_____

On February 6, 2006, the court entered a Memorandum Opinion And Order (docket no. 176), in which the court denied the defendant's Second Amended And Substituted Motion For Summary Judgment and granted the plaintiff's Motion for Summary Judgment. This disposition of the parties' summary judgment motions leaves for trial on March 6, 2006, only the issue of Niver's damages arising from Travelers's bad faith denial of his claim for workers compensation benefits in Count I, including Niver's claim in Count II for exemplary damages for the intentional, reckless, or willful and wanton disregard of Niver's rights under the Workers Compensation Act. However, on February 10, 2006, Travelers filed its Motion For Certification Pursuant To 28 U.S.C. § 1292(b) (docket no. 178). In its motion, Travelers seeks certification of the court's February 6, 2006, ruling on the parties' cross-motions for summary judgment for immediate interlocutory appeal. Niver resisted Travelers's motion for certification on February 13, 2006 (docket no. 181), and Travelers filed a reply in further support of its motion on February 13, 2006 (docket no. 185). Because the trial date is fast approaching, the court has given expedited consideration to Travelers's motion for certification.

In support of its motion for certification, Travelers argues that the court's ruling on the cross-motions for summary judgment has a final and irreparable effect on Travelers's rights, because it bars Travelers from offering any evidence whatsoever on liability on Niver's claim of first-party bad faith failure to pay workers compensation benefits. Travelers contends that its position on damages will be impaired, because it will be presented to the jury as having had no objectively reasonable basis to debate Niver's workers compensation claim. Travelers also contends that the court's ruling involves controlling questions of law, because the court determined that the decision of the Iowa Supreme Court in *Bellville v. Farm Bureau Mutual Insurance Company*, 702 N.W.2d 468 (Iowa 2005), did not change the legal standards applicable to a bad faith claim and, furthermore, that under the applicable standards, Niver is entitled to judgment as a matter of law on the issue of Travelers's liability for bad faith. Travelers also contends that there is substantial ground for difference of opinion on the issues that the court decided as a matter of law, not least because Travelers can locate no other decision finding an insurer liable as a matter of law on a bad faith claim. Finally, Travelers contends that certification for interlocutory appeal will materially advance the ultimate termination of this litigation, because Travelers will appeal any jury verdict other than a defense verdict, and the Eighth Circuit Court of Appeals would then necessarily have to consider whether the court's summary judgment ruling had an improper impact on a damages verdict for Niver. On the other hand, Travelers contends that the upcoming trial on damages will not terminate this litigation, in the absence of appellate resolution of the issues addressed in the court's summary judgment ruling.

Niver, however, contends that certification of the court's summary judgment ruling for interlocutory appeal is simply not appropriate. Rather, he contends that this is an appropriate case for appellate review only after a final judgment has resolved all of the

issues in the case. First, Niver contends that interlocutory appeal will not advance the ultimate termination of the litigation, because this matter is set for trial in just three weeks, discovery has been completed, most of the expense of the case has already been incurred, and in light of Travelers's statement of its intention to appeal any damages verdict, the litigation will only be advanced if the Eighth Circuit Court of Appeals reviews the final judgment in the case, instead of multiple appeals with attendant delays. Second, Niver contends that the court's summary judgment ruling does not involve controlling questions of law, even if the court determined that a number of issues could be decided as a matter of law, in the absence of a genuine factual dispute. Niver points out that the court did not address novel legal questions, but instead determined that the *Bellville* decision did not change the law for a first-party bad faith claim, which means that the court ultimately applied only well-established legal principles in this case. Niver contends that it is ironic that Travelers contends that it was irreparably harmed by the court's summary judgment ruling, because Travelers will not be able to present its liability case to the jury, when Travelers was just as intent on depriving Niver of the opportunity to present any part of his bad faith claim to a jury by moving for summary judgment on Niver's claim in its entirety. Finally, Niver contends that there is no substantial difference of opinion between the court and any other court on the nature of a bad faith claim under Iowa law.

In its reply, Travelers contends that the factual and legal record in this case is well-developed, so that interlocutory review is particularly appropriate. Moreover, Travelers contends that this is the sort of "exceptional" case in which interlocutory review is appropriate, apparently because of the nature of the issues and the procedural footing of the case.

On the same day that this court entered its summary judgment ruling on liability on Niver's first-party bad faith claim, leaving only damages for trial, the Eighth Circuit Court

of Appeals explained that "[g]enerally, partial summary judgments are not final and not immediately appealable." *Porter v. Williams*, ___ F.3d at ___, 2006 WL 265511, *1 (8th Cir. Feb. 6, 2006) (citing *Royal Ins. Co. of Am. v. Kirksville Coll. of Osteopathic Med., Inc.*, 304 F.3d 804, 808 (8th Cir. 2002)). The court noted, however, that "partial summary judgment is immediately appealable if the district court issues it under Federal Rule of Civil Procedure 54(b), or certifies it as an interlocutory appeal under 28 U.S.C. § 1292(b)." *Id.* (citing *Reinholdson v. Minnesota*, 346 F.3d 847, 859 (8th Cir. 2003)). Section 1292(b) provides as follows:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in the original). Thus, "[w]hen the district court is willing to certify that an otherwise unappealable order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation,' [the appellate court] may exercise jurisdiction." *Davis v. Hall*, 375 F.3d 703, 710 (8th Cir. 2004) (quoting 28 U.S.C. § 1292(b)).

The determination of whether to certify a non-final ruling for interlocutory appeal pursuant to § 1292(b) requires "balancing the factors pro and con." *Thermal Science, Inc. v. United States Nuclear Reg. Comm'n*, 184 F.3d 803, 806 n.4 (8th Cir. 1999). More specifically, in *White v. Nix*, 43 F.3d 374 (8th Cir. 1994), the Eighth Circuit Court of Appeals explained that § 1292(b) "'should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases.'" *White*, 43 F.3d at 376 (quoting S.Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260). Thus, the statute should be used "sparingly" and the burden, on the movant, is a heavy one to show that the case is an "exceptional" one in which immediate appeal is warranted. *Id.* Nonetheless, the court's grant of interlocutory appeal is reviewed for abuse of discretion. *Id.* (finding abuse of discretion in that case in failure to consider whether the appeal involved a controlling question of law.).

In *White*, the court reiterated that § 1292(b) establishes three criteria that must be met for certification by the court: "the district court must be 'of the opinion that' (1) the order 'involves a controlling question of law'; (2) 'there is substantial ground for difference of opinion'; and (3) certification will 'materially advance the ultimate termination of the litigation.'" *Id.* at 377 (quoting § 1292(b)); *accord S.B.L. by and through T.B. v. Evans*, 80 F.3d 307, 310 (8th Cir. 1996) (citing the same three requirements). However, "even if all three requirements are satisfied, the factual basis of a claim must be developed so that '[the appellate court] can make a precise decision upon a precise record—not an abstract answer to an abstract question.'" *S.B.L.*, 80 F.3d at 310 (quoting *Paschall v. Kansas City Start Co.*, 605 F.2d 403, 407 (8th Cir. 1979)). Therefore, "'[t]he record before [the appellate court] should assure [that court] that the

legal issue has arisen and exactly how the problem arose before [the court must] fashion a response.'" *Id.* (again quoting *Paschall*, 605 F.2d at 407).

Of course, even where the district court certifies a ruling for interlocutory appeal pursuant to § 1292(b), "'[t]he certification by the district judge that a controlling question is involved is not binding on the court of appeals, which must exercise its own discretion in determining whether to accept an interlocutory appeal under § 1292(b).'" *Davis*, 375 F.3d at 710-11 (quoting 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3951, at 278 n.20 (1999), in turn citing S.Rep. No. 2434, 85th Cong., 2d Sess., accompanying H.R. 6238 (Aug. 18, 1958), quoted in 1958 U.S.C.C.A.N. 5255, 5258).

Turning to consideration of the three statutory requirements for certification under § 1292(b) in this case, the court is of the opinion that its ruling on cross-motions for summary judgment "'involves a controlling question of law.'" *White*, 43 F.3d at 377 (quoting § 1292(b)); *accord S.B.L.*, 80 F.3d at 310 (same). That question of law, however, is not any of the liability issues that Travelers now identifies as having been decided by the court "as a matter of law." A determination that a party is entitled to judgment as a matter of law on a particular element of a claim does not make that element a "controlling question of law," but signifies only that the party opposing summary judgment has failed to generate a genuine issue of material fact on that element. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On the other hand, the court is of the opinion that the "controlling question of law" here is whether the legal standards for a bad faith claim under Iowa law were changed by the Iowa Supreme Court's ruling in *Bellville v. Farm Bureau Mutual Insurance Company*, 702 N.W.2d 468 (Iowa 2005), which was the thrust of Travelers's November 23, 2005, Second Amended And Substituted Motion For Summary Judgment (docket no. 163), and the contention vehemently argued by

Travelers at oral arguments on the parties' cross-motions for summary judgment on February 1, 2006.

On the second statutory requirement for certification of an interlocutory appeal, while the court remains convinced of the correctness of its conclusion that the *Bellville* decision did *not* change Iowa law, the court nevertheless believes that "'there is substantial ground for difference of opinion.'" *White*, 43 F.3d at 377 (quoting § 1292(b); *accord S.B.L.*, 80 F.3d at 310 (same). That difference of opinion does not, however, arise, as Travelers contends, from the fact that Travelers could find no other decision ruling against an insurer as a matter of law on both elements of a bad faith claim, but from some vagueness of language, and hence, vagueness of intent, in the *Bellville* decision, which might reasonably give rise to a different reading of that case. Again, while the court does not consider the question of the meaning and intent of the *Bellville* decision to be "close," the court nevertheless concludes that "there is substantial ground for difference of opinion."

As to the third statutory requirement for certification of an interlocutory appeal, the court is also of the opinion that "certification will 'materially advance the ultimate termination of the litigation.'" *Id.* (quoting § 1292(b); *accord S.B.L.*, 80 F.3d at 310 (same). Although this is not an antitrust case, the court nevertheless finds that it is "exceptional" in that "'a decision on [interlocutory] appeal may avoid protracted and expensive litigation.'" *Id.* at 376 (quoting S.Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260). If the appellate court does not address on interlocutory appeal the correctness of this court's determination that the *Bellville* decision did nothing to change Iowa law concerning bad faith claims and this court's further determination that Niver, not Travelers, is entitled to summary judgment on liability, and this court was wrong, then the parties will either be put to the expense of a trial on

7

damages that should not take place at all, or be put to the expense of a retrial on liability and damages. This litigation has already become "protracted," and the likelihood of final disposition of the case in the trial court is slim. Thus, if there is any savings to be had, it must come from avoiding the possibility of an unnecessary first trial on damages or the added expense of a second trial on both liability and damages after an appellate decision overturning this court's grant of summary judgment on liability issues.

Finally, the court finds that the factual basis of Niver's bad faith claim has been sufficiently developed so that "'[the appellate court] can make a precise decision upon a precise record—not an abstract answer to an abstract question.'" *S.B.L.*, 80 F.3d at 310 (quoting *Paschall*, 605 F.2d at 407). Because the court addressed the pertinent issues in the context of a fully developed summary judgment record shortly before trial, there is no doubt that "'[t]he record before [the appellate court] [will] assure [that court] that the legal issue has arisen and exactly how the problem arose before [that court must] fashion a response.'" *Id.* (again quoting *Paschall*, 605 F.2d at 407).

Consequently, the court concludes that its February 6, 2006, ruling on the parties' cross-motions for summary judgment should be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Having so determined, the next question is whether or not the court should stay further proceedings in this court while the appellate court considers an interlocutory appeal. 28 U.S.C. § 1292(b) ("[A]pplication for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."). Because this matter is already approaching the March 6, 2006, trial date, the only remaining proceedings involve pending motions in limine and the trial on damages, and the only remaining deadlines relate to trial readiness. Under these circumstances, it is clear that the proceedings and deadlines in this court should be stayed,

and the pending motions in limine denied without prejudice, pending disposition of the interlocutory appeal by the Eighth Circuit Court of Appeals. In order to facilitate prompt disposition of this matter, however, the court deems it appropriate to set a "back up" trial date, approximately ninety days from the date of this order, so that this matter can proceed to trial promptly on the issue of damages, if the Eighth Circuit Court of Appeals, in its discretion, declines to hear the interlocutory appeal. *See Davis*, 375 F.3d at 710-11 (after certification by the trial court, the court of appeals must exercise its own discretion in whether to accept an interlocutory appeal pursuant to § 1292(b)).

THEREFORE, Travelers's Motion For Certification Pursuant To 28 U.S.C. § 1292(b) (docket no. 178) is **granted**. The court certifies its February 6, 2006, Memorandum Opinion And Order (docket no. 176) on the parties' cross-motions for summary judgment for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), because this court is of the opinion that its February 6, 2006, ruling involves a controlling question of law concerning whether the Iowa Supreme Court's decision in *Bellville v. Farm Bureau Mutual Insurance Company*, 702 N.W.2d 468 (Iowa 2005), changed Iowa law concerning first-party bad faith claims; that there is substantial ground for difference of opinion on that controlling question of law; and that certification will materially advance the ultimate termination of this litigation.

IT IS FURTHER ORDERED that all proceedings in this case, including the March 6, 2006, trial and all pre-trial deadlines, are **stayed**, with the exception of the setting of a "back up" trial date as set forth below and any pre-trial deadlines pursuant to an order setting such a "back up" trial date. The pending motions in limine are, likewise, **denied without prejudice** to reassertion pursuant to the terms of the order setting a "back up" trial date.

IT IS FURTHER ORDERED that the parties shall confer with the undersigned's secretary to pick a "back up" trial date approximately ninety days from the date of this order, so that this matter can proceed to trial promptly on the issue of damages, if the Eighth Circuit Court of Appeals declines to hear the interlocutory appeal certified herein.

**IT IS SO ORDERED.**

**DATED** this 15th day of February, 2006.

MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA